UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN DIAZ,
    Plaintiff,

v.                                                                    CIVIL ACTION NO. 17-11645-MPK[1]

ASHLEY JOHNSON,
United States Navy,
    Defendant.

MEMORANDUM AND ORDER ON
MOTION TO DISMISS COMPLAINT (#32).

KELLEY, U.S.M.J.

I. Introduction.

The complaint in this case was filed on August 31, 2017, by plaintiff Kevin Diaz, who is proceeding pro se. (#1.) On August 30, 2018, defendant Ashley Johnson, identified as Technical Director, Naval Surface Warfare Center, Indian Head – Explosive Ordnance Disposal Technology Division (NSWC IHEODTD) in Indian Head, Maryland, filed a motion to dismiss. (#1-1 at 4; #32.) It is unclear if Mr. Diaz has filed an opposition, but he has submitted a so-called

---

[1] With the parties' consent, this case has been assigned to the undersigned for all purposes, including trial and the entry of judgment pursuant to 29 U.S.C. § 636(c). (##26, 29.)

Memorandum for Facts in Cause. (#34.)[2] In any event, at this juncture, the dispositive motion stands ready for decision.

II. The Facts.

According to the allegations of the complaint, this is an action brought under the Tucker Act, 28 U.S.C. § 1491, and the Administrative Procedure Act, 5 U.S.C. §§ 551, 702. (#1 ¶ 6.) On or about September 17, 2015, plaintiff[3] submitted a proposal[4] for a "Hybrid Chassis Breaching System" to NSWC IHEODTD. (#1-2.) Over a period of months thereafter, Mr. Diaz was in communication with Navy personnel concerning the proposal which, according to plaintiff, implied that the Navy had "de facto approved [the proposal] for technology development" and funding. *Id.* ¶¶ 1, 8, 11-12. By letter dated November 2, 2015, from the Deputy of the Contracting Office of NSWC IHEODTD, Mr. Diaz was advised that "the information submitted to NSWC IHEODTD did not include sufficient detail to permit a determination that Government support

---

[2] Plaintiff has filed numerous motions and memoranda in this case (##34-38, 41, 43, 47), not all of which are readily comprehensible.

[3] According to the exhibits, the prime offeror of the proposal was not plaintiff, but Merad, a small business; Kevin Mark Diaz was identified as the technical and business contact, as well as the administrative/business contact. (#1-2 at 2.) *See also Diaz v. United States*, 127 Fed. Cl. 664, 670 (2016) ("On balance, the record suggests, however, that the actual offeror of the unsolicited proposal appears to have been 'MERAD,' a 'Small Business,' with Mr. Diaz working in some capacity for 'MERAD.'")), *aff'd*, 853 F.3d 1355 (Fed. Cir.), *cert. denied*, 138 S. Ct. 216 (2017).

[4] This proposal is repeatedly identified by the Navy as an "unsolicited proposal." *See, e.g.*, #1-5 at 2, 5. It has been referenced in the same way by the courts. *See Diaz*, 127 Fed. Cl. at 667 (plaintiff alleged the Navy "wrongfully rejected his unsolicited proposal") and *Diaz*, 853 F.3d at 1357 ("Kevin Diaz submitted an unsolicited proposal.").

2

could be worthwhile." (#1-5 at 4.) Plaintiff responded to the letter, providing more information, *id*. at 6-13, but "the Government's determination remain[ed] unchanged." *Id.* at 5. In a November 19, 2015 letter, the Deputy Chief of the Contracting Office advised Mr. Diaz that "[t]his letter does not constitute a request for a formal proposal, and the Government will not be responsible for any costs associated with unsolicited proposal preparation and submittal." *Id.*

Although not referenced in the complaint, this case has a history. Before commencing the present action, Mr. Diaz filed a complaint with the United States Armed Services Board of Contract Appeals (ASBCA), and then the United States Court of Federal Claims, pleading essentially the identical material facts as alleged here.[5] *See Diaz v. United States*, 127 Fed. Cl. 664 (2016), *aff'd*, 853 F.3d 1355 (Fed. Cir.), *cert. denied*, 138 S. Ct. 216 (2017).[6] In the ASBCA case,

---

[5] In the complaints before the ASBCA and the Court of Federal Claims, Mr. Diaz claimed that the Navy "wrongfully rejected his unsolicited proposal and failed to comply with Federal Acquisition Regulation (FAR) Subpart 15.6 during the agency's review process." *Diaz,* 127 Fed. Cl. at 666 (internal quotation marks omitted).

[6] The First Circuit has repeatedly cautioned that "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Graf v. Hospitality Mut. Ins. Co.*, 754 F.3d 74, 76 (1st Cir. 2014) (internal citation and quotation marks omitted). While this is the general rule, "[t]hese limitations, however, are not absolute. A district court may also consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (quoting *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003)). A published opinion from the federal courts is a matter of public record that may properly be considered.

Mr. Diaz sought $725,000.00 in monetary damages from the United States; the damages demand[7] was increased to $1,400,000.00 in the Court of Federal Claims case. *Id.* at 667.

The Court of Federal Claims viewed plaintiff's complaint as alleging three specific claims: 1) that defendant "failed to comply with Federal Acquisition Regulation (FAR) Subpart 15.6 when reviewing the proposal for requirements"; 2) that defendant "failed to provide any opportunity for funding Research, Development, and Acquisition for the Plaintiff, a Small Business, as delineated in Federal Acquisition Regulation § 15.602"; and 3) that defendant failed to comply with the mandate of DoD Directive 5160.62. *Id.* at 668. Defendant moved to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 668-69.

In ruling on the dispositive motion, the court explained that, "in order to have standing to sue as an interested party under the Tucker Act, 28 U.S.C. § 1491(b)(1), a protestor must establish that it is (1) an actual or prospective bidder and (2) that it has a direct economic interest in the contract award, or failure to award a contract." *Id.* at 673 (internal citations and quotation marks omitted). In turn,

> to demonstrate the requisite direct economic interest, a disappointed bidder must show that it suffered a competitive injury or was "prejudiced" by an alleged error in the procurement process. In order to establish what one Judge on this court has called "allegational prejudice," the bidder must show that there was a "substantial chance" it would have received the contract award, but for the alleged procurement error.

*Id*. at 673 (internal citations omitted). The court concluded that the agency had, in fact, undertaken a serious review of Mr. Diaz's unsolicited proposal as required by FAR Subpart 15.603(c), and

---

[7] Plaintiff sought other forms of relief in addition to the monetary damages. *Diaz v. United States*, 127 Fed. Cl. at 667 n.3.

had offered a full explanation as to why the unsolicited proposal would not be subject to a more comprehensive review. *Id.* at 675. Having failed to establish that he "had a substantial chance of receiving a contract award," Mr. Diaz's complaint was dismissed.[8] *Id.*

The Court of Appeals for the Federal Circuit affirmed the Court of Federal Claims decision, concluding that Mr. Diaz did not have standing because "he cannot demonstrate that he had a substantial chance of winning the contract because, at the very least, his proposal did not conform to the requirements of FAR Subpart 15.6, which governs unsolicited proposals." *Diaz*, 853 F.3d at 1359 (internal citations omitted). The Supreme Court denied plaintiff's petition for certiorari. *Diaz*, 138 S. Ct. 216.

### III. The Legal Standards.

Defendant has moved to dismiss under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. "'Because federal courts are courts of limited

---

[8] As a threshold matter, to maintain a bid protest in this court, the protestor must establish that it has standing. The standing inquiry is framed by 28 U.S.C. § 1491(b)(1), which ... imposes more stringent standing requirements than Article III, and circumscribes the pool of potential plaintiffs to "interested part[ies]," as that term is defined under the Competition in Contracting Act ("CICA"), 31 U.S.C. §§ 3551–56. To establish standing, a protestor must establish that (1) it is an actual or prospective bidder and (2) it has a direct economic interest in the procurement. To prove a direct economic interest, a party must show that it had a substantial chance of winning the contract. In this connection, a party must show that it was prejudiced by a significant error in the procurement process. To satisfy the prejudice requirement, the party must show that but for the [Government's] error, the party would have had a substantial chance of securing the contract.

*Straughan Envtl., Inc. v. United States*, 135 Fed. Cl. 360, 371–72 (2017) (internal citations and quotation marks omitted).

jurisdiction, federal jurisdiction is never presumed.' The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction." *Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 32 (1st Cir. 2012) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998) (internal citation omitted)). Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007).

In ruling on a motion to dismiss for lack of jurisdiction, the court must "'credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.'" *Sanchez ex rel. D.R.-S. v. U.S.*, 671 F.3d 86, 92 (1st Cir. 2012) (quoting *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010)). The "court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.'" *Merlonghi*, 620 F.3d at 54 (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)); *Carroll v. U.S.*, 661 F.3d 87, 94 (1st Cir. 2011) (internal citation and quotation marks omitted) ("In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, we construe plaintiffs' complaint liberally and ordinarily may consider whatever evidence has been submitted, such as . . . depositions and exhibits."). A plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported conclusions or interpretations of law.'" *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993)), *cert. denied*, 515 U.S. 1144 (1995); *Johansen*, 506 F.3d at 68.

A motion to dismiss under Rule 12(b)(6) challenges the viability of a complaint. A court must "accept as true all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *Keach v. Wheeling & Lake Erie Ry. Co. (In re Montreal, Me. & Atl. Ry., Ltd.)*,

888 F.3d 1, 6 (1st Cir. 2018); *González v. Vélez*, 864 F.3d 45, 50 (1st Cir. 2017). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011) (citing *Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 15 (1st Cir. 2003)); *In re Montreal*, 888 F.3d at 7 n.2.

While a pro se complaint is to be liberally construed, *see Woods v. Covidien LP*, No. 15–30094–MGM, 2016 WL 2733102, at *2 (D. Mass. May 10, 2016), to survive a Rule 12(b)(6) motion to dismiss, plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The First Circuit recently explained, "[t]he plausibility standard requires a court to choreograph a two-step pavane. First, the court must strip away and discard the complaint's conclusory legal allegations. Second, the court must determine whether the remaining facts allow it to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Montreal*, 888 F.3d at 6 (internal citations and quotation marks omitted). After undertaking this exercise, "[d]ismissal is warranted when a complaint's factual averments are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.'" *Id.* (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

## IV. Discussion.

The United States, its agencies and its employees acting in their official capacities can only be sued for damages if the United States has explicitly waived its sovereign immunity. *United*

*States v. Bormes*, 568 U.S. 6, 9 (2012) (internal citations and quotation marks omitted); ("Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed.") *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citations omitted) ("It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."); *Paret–Ruiz v. United States*, 827 F.3d 167, 176 (1st Cir. 2016); *Merlonghi*, 620 F.3d at 54 ("The United States as a sovereign can be haled into court only if it consents to be sued.").

In the complaint, Mr. Diaz alleges that jurisdiction is proper under the Tucker Act, which vests jurisdiction in the Court of Federal Claims "upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Horne v. Dep't of Agriculture*, 569 U.S. 513, 526–27 (2013). The statute further provides:

> Both the Unite[d] States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

28 U.S.C.A. § 1491(b)(1).[9] At this juncture, "[t]he Court of Federal Claims thus has exclusive jurisdiction over Tucker Act claims exceeding $10,000." *Paret–Ruiz*, 827 F.3d at 176 n.16 (citing *United States v. Hohri*, 482 U.S. 64, 72 (1987) ("Tucker Act claims for more than $10,000 may be brought only in the United States Claims Court.")). A companion statute, the Little Tucker Act, provides in pertinent part that "district courts shall have concurrent jurisdiction with the United States Court of Federal Claims, of any civil action or claim against the United States, not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). In sum, "[w]hereas the Little Tucker Act creates jurisdiction in the district courts concurrent with the Court of Federal Claims for covered claims of $10,000 or less, the Tucker Act assigns jurisdiction to the Court of Federal Claims regardless of monetary amount." *Bormes*, 568 U.S. at 10 n.2.

The law is clear that, to the extent Mr. Diaz alleges this court has jurisdiction under the Tucker Act, his complaint must fail since the Tucker Act delegates sole jurisdiction in the Court

---

[9] Title 28 U.S.C. § 1491(b)(1) was part of the Administrative Dispute Resolution Act of 1996 ("ADRA"), Pub. L. No. 104–320, 110 Stat. 3870 (1996). *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1079 (Fed. Cir. 2001). The Federal Circuit has explained that:

> [T]o prevent forum shopping and to promote uniformity in government procurement award law, Congress sought to channel the entirety of judicial government contract procurement protest jurisdiction to the Court of Federal Claims. Therefore, as part of the ADRA, Congress enacted a sunset provision, which terminated federal district court jurisdiction over bid protests on January 1, 2001. Pub. L. No. 104–320, § 12(d), 110 Stat. at 3875. It is clear that Congress's intent in enacting the ADRA with the sunset provision was to vest a single judicial tribunal with exclusive jurisdiction to review government contract protest actions.

*Id.* (footnote omitted).

of Federal Claims. To establish jurisdiction under the Little Tucker Act, it is incumbent upon plaintiff to allege either that he seeks monetary damages in an amount less than $10,000.00, or specifically waive any monetary recovery in excess of the jurisdictional limit. Here, the complaint does not state any specific sum as damages. By failing to allege either that his claim is for less than $10,000.00 in damages, or that he clearly waives any amount of monetary damages over $9,999.99,[10] Mr. Diaz has not established subject matter jurisdiction under the Little Tucker Act, and his claim must be dismissed. *See*, *e.g.*, *Loudner v. United States*, 108 F.3d 896, 900 (8th Cir. 1997) ("The jurisdiction of the district courts (as distinguished from the United States Court of Federal Claims) under [the Little Tucker Act] is limited to claims not exceeding $10,000.00, and each of the plaintiffs alleges that his or her individual claim is less than this amount."); *Chula Vista City Sch. Dist. v. Bennett*, 824 F.2d 1573, 1579 (Fed. Cir. 1987), *cert. denied*, 484 U.S. 1098 (1988); *Hammond v. United States*, 786 F.2d 8, 15 (1st Cir. 1986) ("[W]e have no jurisdiction to consider a taking claim where the amount in controversy exceeds $10,000."); *Leveris v. England*, 249 F. Supp. 2d 1, 4 (D. Me. 2003) ("[P]laintiff must establish subject matter jurisdiction. In the absence of any allegation that his claim is $10,000 or less, thereby bringing him within the Little Tucker Act, he has failed to do so.").

Further, on essentially the same facts, the Court of Federal Claims concluded that Mr. Diaz "failed to establish that [he] had a substantial chance of receiving a contract award," and so failed to establish standing to sue under the Tucker Act. *Diaz*, 127 Fed. Cl. at 675. Plaintiff has alleged nothing different in the instant complaint that would alter that conclusion.

---

[10] Given the amount of damages sought in the cases before the ASBCA and Court of Federal Claims, $725,000.00 and $1,400,000.00, respectively, it would seem likely that the monetary damages here would exceed the jurisdictional limit of the Little Tucker Act.

Lastly, Mr. Diaz alleges jurisdiction under the Administrative Procedure Act (APA). According to the complaint, Mr. Diaz "relied on a contract offer to be extended," that "government error caused [him] to incur unnecessary proposal preparation costs and proposal coast," and he "requests prayer for relief in consideration of the particularized concrete injury with redress for his proposal preparations costs." (sic) (#1 ¶¶ 8, 18 and p. 9.)

The APA provides in relevant part that:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. By its terms, the statute excludes cases seeking monetary damages from court review. Because Mr. Diaz seeks money damages, the APA does not afford the court jurisdiction over his claim. *Sibley v. Ball*, 924 F.2d 25, 29 (1st Cir. 1991); *Leeper v. Viola*, No. 17-CV-10185-NMG, 2017 WL 2837007, at *1 (D. Mass. June 30, 2017) ("Nor does the Administrative Procedure Act, 5 U.S.C. § 702, provide a cause of action for suits seeking monetary damages."); *Arruda & Beaudoin, LLP v. Astrue*, No. CIV.A. 11-10254-GAO, 2013 WL 1309249, at *15 (D. Mass. Mar. 27, 2013); *Leveris*, 249 F. Supp. 2d at 3 ("After *Sibley*, I can only conclude that [plaintiff] has made a request for money judgment for which this court has no jurisdiction under the APA . . . .").

The APA also limits review of agency action to cases in which "there is no other adequate remedy in a court." 5 U.S.C. § 704; *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("When Congress enacted the APA to provide a general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies."). Here, Mr. Diaz has an

11

adequate remedy of bringing his contract claim against the federal agency in the Court of Federal Claims. *See American Science & Engineering, Inc. v. Califano*, 571 F.2d 58, 62 (1st Cir. 1978) (citations omitted) ("The very language of § 704 of the APA belies plaintiff's claim. It provides for court review of agency action 'for which there is no other adequate remedy in a court'. Yet review by the Court of Claims has consistently been held to provide an adequate remedy for an alleged breach of contract by a federal agency.").

V. Conclusion and Order.

For the reasons stated, the court has no subject matter jurisdiction in this case. The Motion to Dismiss Complaint (#32) is GRANTED. The complaint is dismissed, and judgment shall enter for the defendant.

April 29, 2019   /s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge